UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORVEN BURNETT,

    Plaintiff,                             Case No. 02-73592

v.                                       Honorable John Corbett O'Meara

QUEST DIAGNOSTIC INC.,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING QUEST DIAGNOSTIC'S MARCH 8, 2005 RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE,
FOR A NEW TRIAL AND/ OR REMITTITUR**

This matter came before the court on Defendant's March 8, 2005 renewed motion for Judgment As A Matter Of Law Or, In The Alternative, For A New Trial And/ Or Remittitur. Plaintiff filed his response March 30, 2005; and Defendant filed its reply brief April 11, 2005. Oral argument was heard July 13, 2005.

**BACKGROUND FACTS**

Plaintiff was an account executive with Quest Diagnostic and its predecessors for approximately 25 years before being terminated, purportedly for committing fraud in regards to a Quest account. Plaintiff claimed that he did not commit fraud and that Quest terminated his employment because he was an older employee and that the company wished to begin the practice of hiring younger account executives. Plaintiff alleged that Quest's managers had made derogatory and ageist comments directed toward him and about him to other Quest employees. Quest alleged that Plaintiff fraudulently collected commissions on an account and that this fraud and misrepresentation led to the termination of his employment.

Plaintiff was fired on May 11, 2001, and filed suit on September 9, 2002, alleging age discrimination in violation of the Elliot Larson Civil Rights Act. A jury rendered its verdict on January 19, 2005, and found in favor of the plaintiff. Plaintiff was awarded $465,000 in economic damages and $35,000 in non- economic damages, totaling $500,000. On March 8, 2005, Plaintiff filed this motion.

## LAW AND ANALYSIS

A motion for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50 (a)(b) should be granted when " a party has been fully heard in an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149-150 (2000). A new trial may be granted pursuant to Fed. R. Civ. P 50 (b), 59 (a). A new trial should be granted when a verdict is contrary to law, is excessive or is clearly unsupported by the evidence. Barnes v. Owens Corning Fiberglas Corp., 201 F.3d 815, 820-821 (6th Cir. 2000).

Quest Diagnostic contends Plaintiff did not present direct evidence sufficient to prove by a preponderance of the evidence that Plaintiff's age was a motivating factor in the decision to terminate his employment. A plaintiff must show age was a factor that made a difference in the employer's adverse employment decision when alleging a claim of age discrimination under the Elliot- Larsen Civil Rights Act. Matras v. Amoco Oil Co., 424 Mich. 675, 683 (1986). The plaintiff does not need to establish that age was the main or only factor in the employer's decision to terminate employment; he or she just needs to prove that age was one of the factors. Id. at 683. This can be accomplished by showing the discrimination by either direct or circumstantial evidence. Town v. Michigan Bell, 455 Mich. 688, 694-695 (1997).

Plaintiff Burnett presented testimony that his supervisors commented on his age and asked if he was "getting too old for this." They referred to him as the "senior citizen" during a regional meeting in the fall of 1999. Burnett at Vol. I, p. 242-243; Maciak at Vol. 3, p. 151. There was also testimony that it was the intent of the managers of Quest to hire younger sales associates. Maciak at Vol. 3, p. 15.

Plaintiff also presented evidence of negative comments. This direct evidence satisfies the plaintiff's burden of proof. The Michigan Court of Appeals in Harrison v. Olde Financial Corp., 225 Mich. App 601, 610 (1997), noted that direct evidence of discrimination, if believed, "requires the conclusion that unlawful discrimination was at least a motivating factor."

After the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show a legitimate, non discriminatory reason for ending the employment. Sisson v. Board of Regents of the University of Michigan, 174 Mich. App. 742, 746-747 (1989). Quest argued that Plaintiff was fired after 25 years of employment due to fraudulent misrepresentation of an active account and in doing so, violated Quest's policies by receiving commission on the account twice. However, there was sufficient evidence presented to cause a reasonable jury to question whether this was the main reason for Mr. Burnett's termination. The jury heard evidence regarding inconsistent policies for regaining existing accounts which were in jeopardy of being lost. While Quest argued that it had a legitimate reason for terminating Mr. Burnett's employment, the plaintiff demonstrated that there was an issue of fact as to pretext to be decided by the jury. Plaintiff provided evidence that the defendant's stated reason: 1) had no basis in fact; 2) was not the actual factor motivating the decision; and 3) was insufficient to justify the decision to terminate. Dubey v. Stroh Brewery Co., 185 Mich. App. 561, 565-566 (1990). The plaintiff

raised an issue of fact as by producing evidence that: 1) Mr. Burnett was authorized by his supervisor, Mr. Johnson, to receive the second commission; 2) the company was determined to hire younger sales associates; and 3) even though Mr. Burnett received the second commission, so did his supervisor, who did not get reprimanded or fired. There was also evidence that there was one month between the final decision to fire him and the actual termination of his employment. Plaintiff argued that the proffered reason was pretext for discrimination.

Furthermore, Plaintiff presented evidence about the time lag in the termination of Mr. Burnett's employment; the company determined he might be a risk to the company three months before his termination. The proofs presented during trial provided an evidentiary basis for a reasonable jury to find for the Plaintiff. There was testimony to the fact that the supervisors at Quest preferred younger sales associates and had made disparaging comments regarding the Plaintiff and other "senior" account executive ages.

A new trial may be granted pursuant to Fed. R. Civ. P. 59(a) to prevent injustice or if the court is of the opinion that the verdict is against the clear weight of the evidence. Barnes v. Owens Corning Fiberglass Corp., 201 F.3d 815, 820-821 (6th Cir. 2000). A new trial is warranted only if a verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice. Bogosian v. Mercedes - Benz of N.A. Inc., 104 F.3d 472, 482-483 (1st Cir. 1997). New trials may not be granted on the grounds that the verdict was against the great weight of the evidence unless the verdict was unreasonable. Holmes v. City of Massillon, 78 F.3d 1041, 1047 (6th Cir. 1996.) The verdict was supported by the evidence presented by the plaintiff at trial. Plaintiff met its burden by creating a *prima facie* case by presenting circumstantial and direct evidence. A new trial is not warranted.

The evidence presented during trial also supported the amount the jury awarded the plaintiff. The Elliot Larsen Civil Rights Act, Mich. Comp. Laws Ann. § 37.2101(3), allows damages to be recovered by the plaintiff for any injury or loss caused by each violation of the Act. Damages can include back pay, front pay, damages for mental and emotional distress, reinstatement, loss of pension rights and employee benefits, loss of seniority, and loss of employment. <u>Shafke v. Chrysler Corp</u>., 147 Mich. App. 751 (1985). At trial, Plaintiff's counsel itemized the damages for the jury. Vol. 5, pp. 48-52. He proposed $875,221.00 for past and future losses, plus approximately $437,610.50 (half of future and past losses) for humiliation, totaling $1,312,813.50 in damages. The jury's award of $500,000 in damages is not excessive.

Quest argues that the court committed reversible error by denying Defendant's request for a jury instruction concerning spoilation. Mr. Carey, attorney for the Quest, requested spoilation be added to the jury instructions based on the plaintiffs's destruction of materials related to his job search after his employment was terminated with Quest. The court directed Mr. Carey to elicit the information concerning the destruction of materials from testimony. However, Mr. Carey indicated he would not be examining the plaintiff on the subject, which resulted in the court's refusal to add the spoilation instruction to the jury. Mr. Carey chose not to examine Plaintiff to elicit spoilation testimony; therefore, his request was denied.

The defendant also asserts that the court made a reversible error by precluding exhibit KK from being admitted under FRE 902 (5) and by not taking judicial notice of it pursuant to FRE 201(B)(2). Exhibit KK was a statistic from the Department of Labor identifying the length of time it should take an unemployed sales person to find employment. Evidence may be self-authenticated under FRE 902(5) if it is an official publication such as a book, pamphlet or other

publication purporting to be issued by a public authority.  Exhibit KK does not have any identifying characteristics indicating that it is an official publication by a public authority.  Exhibit KK was not admitted due to irrelevance and the fact that it may be prejudicial.

The plaintiff presented direct and circumstantial evidence to prove by a preponderance of the evidence that age was a motivating factor in Quest's decision to terminate the employment of Plaintiff Burnett.  The jury verdict was not against the clear weight of the evidence and the damages awarded were not excessive.

## ORDER

It is hereby **ORDERED** that the March 8, 2005 Motion for Judgment As A Matter Of Law Or, In The Alternative, For A New Trial And/ Or Remittitur by defendant Quest Diagnostic Inc., is **DENIED.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  August 3, 2005