UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MORVEN BURNETT,

       Plaintiff,

                                    CASE NO. 02-CV-73592-DT

   v.                            JUDGE JOHN CORBETT O'MEARA

                                      MAGISTRATE JUDGE PAUL KOMIVES

QUEST DIAGNOSTICS INC.,
a Michigan corporation,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.     RECOMMENDATION: The Court should grant in part and deny in part plaintiff's

supplemental motion for attorney fees and costs, and should award plaintiff attorney fees in the

amount of $10,812.50 and costs in the amount of $168.85.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Morven Burnett commenced this action against defendant Quest Diagnostics, Inc.,

in the Wayne County Circuit Court, alleging age discrimination in violation of the Elliott-Larsen

Civil Rights Act (ELCRA), MICH. COMP. LAWS §§ 37.2101, *et seq.*[1]  Defendant removed the action

to this Court, and the case proceeded to trial.  On January 19, 2005, the jury returned a verdict in

favor of plaintiff, and awarded $500,000.00 in damages.  On February 3, 2005, plaintiff filed a

motion for attorney fees and costs pursuant to the attorney fee provision of the ELCRA, MICH.

---

[1]Plaintiff also named as defendants two individuals, Jeff Johnson and Rod Van Wagoner.
Plaintiff's claims against these defendants were dismissed prior to trial.

COMP. LAWS § 37.2802. Plaintiff sought recovery of $4,012.31 in costs, and $96,072.50 in attorney

fees. In response, defendant objected to the $275 hourly rate at which attorney Tomlinson billed

plaintiff, and to the reasonableness of 35.5 hours of trial time billed by attorney Thomas. On April

21, 2005, I filed a Report recommending that the Court grant in part and deny in part plaintiff's

request for attorney fees and costs. Specifically, I recommended that the Court: (1) reduce attorney

Tomlinson's hourly rate to $198.00, for a reduction of $24,024 in the amount sought by plaintiff;

(2) conclude that the trial hours billed by attorney Thomas were unreasonable, for a reduction of

$3,905.00 in the amount sought by plaintiff; and (3) exclude $110.07 in meal costs sought by

plaintiff. On July 5, 2005, the Court entered an Order adopting my Recommendation and awarding

(a) attorney fees in the amount of $68,143.50 and (b) costs in the amount of $3,902.24.

This matter is currently before the Court on plaintiff's supplemental motion for attorney fees

and costs, filed on August 16, 2005. In this motion, plaintiff seeks to recover costs and attorney fees

incurred since judgment was entered. Plaintiff seeks $14,778.00 in attorney fees and $163.83 in

costs. The breakdown of plaintiff's fee request is as follows:

|  | Time | Rate | Total |
|---|---|---|---|
| Brent W. Thomas | 3.80 | $110.00 | $418.00 |
| Christopher P. Mansur | 0.50 | 140.00 | 70.00 |
| Lawrence J. Pochron, Jr. | 1.50 | 85.00 | 127.50 |
| Richard B. Tomlinson | 51.50 | 275.00 | 14,162.50 |
| **Total:** | **57.30** |  | **$14,778.00** |

Defendant filed a response on September 2, 2005. Defendant contends that the amount sought by

plaintiff should be reduced by $6,242.00. This reduction reflects a reduction of attorney

Tomlinson's hourly rate from $275 to $198, in accordance with the Court's previous ruling, and a reduction of $3,085 for fees incurred in objecting to my Report and Recommendation on plaintiff's first motion for attorney fees.  For the reasons explained below, the Court should grant in part and deny in part plaintiff's motion.

B.       *Analysis*

The general legal standards governing attorney fees under the ELCRA are set forth in my prior Report, and need not be recounted here.  Plaintiff's current motion and defendant's response to that motion require a consideration of two discrete issues.  First, is plaintiff entitled to compensation for attorney Tomlinson's work at the $275 per hour that attorney Tomlinson billed, or the $198 rate that the Court previously determined was reasonable.  Second, is plaintiff entitled to be compensated for the time spent preparing objections to my prior Report and Recommendation.

With respect to the hourly rate, the Court should conclude that $198.00 remains the appropriate hourly rate for attorney Tomlinson's work on this case.  In my prior Report, I explained why this rate was the appropriate hourly rate to be applied, and the Court adopted this reasoning in its prior Order.  This determination constitutes the law of the case.  *Johns-Manville Corp. v. Guardian Indus. Corp.*, 116 F.R.D. 97, 101 (E.D. Mich. 1987) (the law of the case doctrine "precludes a court from re-examining an issue previously decided by itself or a higher court.").  Moreover, plaintiff has offered no valid basis for disturbing the Court's prior determination that $198 represents a reasonable hourly rate.  In support of its motion, plaintiff relies on the affidavit of the Honorable Barry L. Howard, a judge of the Oakland County Circuit Court, who avers that based on attorney Tomlinson's education, background, and level of experience, as well as the prevailing rates in Oakland County, a reasonable hourly rate for attorney Tomlinson's services

3

would be between $300 and $400.  However, while Judge Howard's opinion is based in part on objective factual matters–*i.e.*, the prevailing rates in Oakland County–his opinion does not state what the prevailing market rates in fact are as a general matter, but rather what Mr. Tomlinson's services are worth.  Each of the factors upon which Judge Howard bases his opinion was considered in my prior Report.  As the federal courts have explained, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).  This is particularly so here, where there is objective evidence of the prevailing market rates–the Economic Survey published by the *Michigan Bar Journal*.  *Cf. Temple v. Kelel Distrib. Co.*, 183 Mich. App. 326, 332-33, 454 N.W.2d 610, 612-13 (1990) (identifying the Economic Survey as the starting point in determining a reasonable hourly rate).  In short, nothing in Judge Howard's affidavit provides a compelling reason for modifying the Court's previous determination that $198 represents a reasonable hourly rate.

With respect to the hours spent objecting to my prior Report, however, the Court should conclude that there is no basis for finding that the hours expended were unreasonable.  It is true that, with respect to those objections, plaintiff's counsel was unsuccessful.  Lack of success on a particular motion, however, does not by itself compel the conclusion that the hours expended on the motion were unreasonable. *See, e.g.*, *O'Neal v. City of Seattle*, 66 F.3d 1064, 1069 (9th Cir. 1995) (awarding fees to prevailing party for hours expended on an unsuccessful motion); *Gonzales v. Felker*, 964 F. Supp. 251, 254-55 (N.D. Ohio 1997).  The fact that I had recommended a ruling partially against plaintiff's position does not change this result.  My recommendation was just that–a

4

recommendation–and was subject to *de novo* review by Judge O'Meara.  And, particularly salient, plaintiff was *required* to file its objections to my recommendation or forever be barred from pressing its arguments, either to Judge O'Meara or on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985). While both I and Judge O'Meara ultimately rejected plaintiff's position regarding the appropriate hourly rate, it was not unreasonable for plaintiff to advance that position.  Thus, there is no basis to exclude this time from the lodestar figure.[2]

C.      *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff is entitled to recover attorney fees for all of the hours claimed in its supplemental motion.  With respect to the 51.5 hours of attorney Tomlinson's time, however, the Court should conclude that plaintiff is entitled to be compensated only at the rate of $198.00 per hour, rather than the $275.00 rate sought by plaintiff. This results in a reduction of $3,965.50.  Accordingly, the Court should grant in part and deny in part plaintiff's supplemental motion for attorney fees and costs, and should award plaintiff attorney fees in the amount of $10,812.50 and costs in the amount of $168.85.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

---

[2]In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Court noted that the lodestar amount may be adjusted downward where a plaintiff is only partially successful on its claims, at least to the extent that work on unsuccessful claims can be separated from work on the successful claims. *See id*. at 434-35.  However, *Hensley* dealt with a plaintiff who prevailed on only some claims for relief while failing on others.  Nothing in *Hensley* suggests that an otherwise totally prevailing party on the claims is not entitled to fees on particular motions or other filings which were themselves unsuccessful.  *See O'Neal*, 66 F.3d at 1069.

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                             s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE

Dated: 6/21/06


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 21, 2006.

                              s/Eddrey Butts
                              Case Manager

6